## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:14-20109-JAR** |
| | ) | |
| **KATHLEEN STEGMAN and** | ) | |
| **CHRISTOPHER SMITH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

### ORDER

On July 2, 2015, the Court conducted a hearing on the Government's Motion to Quash[1] eight subpoenas that Defendants attempted to serve on the Government on May 27, 2015, for the motion to dismiss hearing set for July 14, 2015. The Court orally granted in part and denied in part the Government's motion. The motion was granted as to six out of the eight subpoenas. It was denied as to witnesses Randall Praiswater and Janice Willard.

Before the Court is Defendants' Joint Motion to Clarify Order (Doc. 97). Defendants claim in their motion that the Court's previous oral ruling on the motion to quash did not address IRS Revenue Agent Lindsay Carlson. Defendants are mistaken. The Court incorporates by reference its July 2, 2015 oral ruling on the motion to quash. The Court explicitly ruled that the *Touhy* notice as to this witness was not particularized in scope as to six out of the eight witnesses who were simply in the chain of custody of the civil audit file in

---

[1]Doc. 92.

question, as compared to witnesses Willard and Praiswater, who reviewed the file as part of the criminal investigation and then returned the file, which was ultimately destroyed.  Specifically, the Court found that the proffers at the hearing failed to establish that Carlson had any information about the destruction of the audit file given that she turned over custody of the file to the IRS criminal investigation division in 2010, at which point she had no further involvement in this case.  Given this attenuated connection to the destruction of the file in 2013, the Court found that the generalized summary of testimony sought in the *Touhy* notice was insufficient as to all witnesses other than Praiswater and Willard.

Because the Court has previously ruled on this issue, it must treat Defendants' motion as a motion to reconsider.  "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."[2]  Motions to reconsider may be warranted if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3]  "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[4]

The Court cannot find that Defendants have met their burden of demonstrating any of the grounds for reconsideration in this matter.  As the Court already explained, the *Touhy* notice was not particularized as to the individuals in the chain of custody who were not part of

---

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Christy*, 739 F.3d at 739.

the criminal investigation team.  Revenue Agent Carlson looked into Stegman's 2000 and 2001 tax returns in approximately November 2009 as a civil review, and referred the matter to CI in approximately 2010.  Given this limited involvement, the summary of testimony provided under *Touhy* did not suffice as to this subpoena.  Moreover, to the extent Defendants seek evidence regarding the exculpatory value of the file, they will have ample ability to explore that with Special Agent Praiswater and Revenue Agent Willard.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion to Clarify Order (Doc. 97) is **denied**.

**IT IS SO ORDERED**.

Dated: July 10, 2015

 S/ Julie A. Robinson_____
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE