# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KATHLEEN STEGMAN AND
CHRISTOPHER SMITH,

    Defendants.

Case No. 14-20109-JAR

## MEMORANDUM AND ORDER

Defendant Kathleen Stegman is charged in a six-count Indictment with willfull tax evasion from 2007 to 2010, in violation of 26 U.S.C. § 7201, and conspiracy to defraud the United States by obstructing the lawful government functions of the IRS (*Klein* conspiracy), in violation of 18 U.S.C. § 371. Defendant Christopher Smith is charged in one count with the *Klein* conspiracy. The case is set for a jury trial beginning March 8, 2016. On March 1, 2016, the Court held a hearing on several motions *in limine* filed by the Government and Defendants. At that hearing, the Court ruled on most of the motions and took some under advisement.

For the reasons stated on the record at the March 1 hearing and supplemented by this Order, the Court rules as follows:

**I.    Government's Omnibus Motion *in Limine* (Doc. 70)**

    **a.    Summary Evidence**

The Government seeks to admit summary charts pursuant to Fed. R. Evid. 1006, in light of the large number of documents in this case. The Government stated at the limine conference that it would disclose almost all of the summary charts to Defense counsel by March 1, 2016.

The Court granted the Government's motion, subject to the Government providing Defense counsel with all of the charts it intends to use at least 24 hours before the charts are offered.

**b.     Lay Witness Opinion Testimony**

The Government seeks to exclude Defendants from introducing lay testimony as to their states of mind. This motion is granted. Neither party may introduce lay opinion testimony as to Defendants' states of mind.

**c.     Government Misconduct and Motive for Prosecution**

The motion is granted in part. Defendants may not introduce evidence or argument about discovery disputes or suggest that the prosecution of this case is motivated by bad faith or malice. To the extent that this motion touches on the question of the civil audit file and its destruction, the parameters of the Court's ruling on that subject are detailed below in its discussion of the Government's motion to exclude evidence about the civil audit.[1]

**d.     Civil Proceeding**

The motion is granted. Defendants may not introduce testimony that this case should have been brought as a civil, rather than criminal, proceeding. Additionally, Defendants may not inquire into differences between civil and criminal audits or differences in the burden of proof standards in civil and criminal cases.

**e.     Witness Wrongdoing**

The motion is granted. Both parties are subject to the Federal Rules of Evidence concerning evidence of specific acts of wrongdoing by witnesses.

**f.     Loss Carryback Defense**

The Government moves the Court to prohibit Defendants from arguing a "loss carryback defense." The Government articulates this defense as arguing that there is no tax deficiency and

---

[1] *See* Section II, *infra.*

thus no evasion because a loss from a subsequent year carries back and wipes out the tax deficiency in the indicted years. This motion is granted in part and denied in part. Defendants may not use this defense to negate a tax deficiency because a tax deficiency occurs within the tax year itself. However, Defendants may introduce testimony as to subsequent losses in relation to Defendants' states of mind.

      **g.**      **Alan Jones Peer Review Matter**

The motion is denied. The Government explained at the hearing that it would withdraw this motion. Defendant may cross examine Mr. Jones concerning the peer review matter with the Missouri Board of Accountancy.

      **h.**      **Stolen Identity Refund Fraud Investigation**

The motion is moot.

      **i.**      **Renaissance Evidence**

The motion is denied. Defendants may inquire into allegedly false statements that Alan Jones made pursuant to the investigation into Renaissance.

**II.**    **Government's Motion *in Limine* to Prohibit Reference, Argument, or Evidence Regarding the 2000–2001 Civil Audit of Defendant Stegman (Doc. 114)**

The Government seeks to preclude the introduction of any reference, argument, or evidence about the 2000–2001 civil audit of Defendant Stegman, arguing that it is not relevant to this case. The Government also argues that Defendants should not be able to argue that Government witnesses acted improperly or in bad faith by destroying the civil audit file.

Defendants counter that the civil audit is relevant to Defendant Stegman's cash hoard defense. They also argue that the Government's expert examined the file and it may have factored into her opinions about the tax due and owing in this case; Defendants should be able to cross-examine her about the documents that factored into her opinion and the documents she

discounted. In addition, Defendants' expert relied on the notes taken by Agent Willard, the Government's expert, when she examined the file. Defendants contend that their expert should be able to explain why he was not able to rely on the actual file in conducting his analysis.

The Court heard argument on these issues and is prepared to rule. The motion is granted in part and denied in part. Defendants may not introduce testimony or evidence that Government officials acted in bad faith or with malice when the civil audit file was destroyed. While a defendant may always argue that a criminal investigation was not completed properly or thoroughly, Defendant Stegman may not argue that Government officials improperly investigated the case by maliciously destroying the civil audit file. Evidence and testimony about the civil audit may, however, be used in furtherance of Defendant Stegman's cash hoard defense. Defendants' expert may also rely on the notes from the civil audit file for his analysis. The parties will submit to the Court a proposed limiting instruction that will be read to the jury, clarifying that the civil audit was separate from and unrelated to this case.

**III. Defendants' Joint Motion *in Limine* to Exclude Evidence and/or References to Any Oral or Written Statements Made by Don Lake to Government Agents (Doc. 116)**

Defendants seek to exclude oral and written statements made by Don Lake, Defendant Stegman's former tax preparer, to IRS agents in the course of the investigation of this case. Lake was interviewed during the investigation, but passed away in May 2015. Because Lake's statements are testimonial in nature, he is unavailable to testify at trial, and Defendants have not had an opportunity to cross-examine him, Defendants argue that admitting his statements at trial would violate their Sixth Amendment right to confront the witnesses against them.

The Government argues in opposition to Defendants' motion that Defendant Stegman appointed Don Lake as her power of attorney, and any statements he made to IRS officials were

made in his capacity as power of attorney. The statements are therefore admissible as statements of a party opponent because they are imputed to Defendant Stegman.

The Court heard argument on this issue and is prepared to partially rule on the motion at this time. As explained further below, part of this motion remains under advisement. The Court finds that there are three categories of statements potentially at issue here. Neither the Government nor Defendants provided enough specific information about what kinds of statements Lake actually made to IRS officials, and it is possible that any of these three categories may not actually exist. However, for the sake of clarity and precision, the Court assesses each category.

The first category of statements, which the Government did suggest it plans to introduce at trial, consists of documents that Lake provided to IRS agents in connection with their investigation into Defendant Stegman's tax filings. The Government provided the Court with a sample of such documents, which contain handwritten notations, apparently by Defendant Stegman. This category also includes notes of interviews conducted by IRS officials of Don Lake and Defendant Stegman. The Court finds that the documents and interview notes in this category are not testimonial hearsay and are not subject to the Confrontation Clause. The documents that were turned over to the IRS agents by Lake were done so in the scope of his power of attorney relationship with Defendant Stegman, and were turned over on her behalf. Her notations on the documents are statements of a party opponent, which is not hearsay under Rule 801(d)(2)(A). The documents themselves are business records, which are not testimonial in nature and are not subject to the Confrontation Clause.[2] The interview notes were taken in the presence of both Lake and Defendant Stegman; even if Lake is the one who spoke to the agents,

---

[2] *Crawford v. Washington*, 541 U.S. 36, 55 (2004).

5

he did so on Stegman's behalf as her power of attorney. The interview notes contain statements of a party opponent and are admissible under Rule 801(d)(2)(A).

The second category of statements the Court considers are statements made by Lake to Government officials that were not truly Defendant Stegman's statements. These could be statements Lake made outside the scope of his role as power of attorney, or that for some other reason may not be directly attributed to Defendant Stegman. The Court does not know if such statements exist or will be offered into evidence. If such statements do exist and are offered, the Court is concerned that their admission would violate the Confrontation Clause. Rather than issue a ruling at this time, without a more specific idea of whether this category of statements exists or what it contains, the Court will make a contemporaneous ruling on this question during trial. If the Government seeks to question witnesses about statements that fall into this category, it shall first proffer to the Court, outside the hearing of the jury, what that testimony will be. The Court will entertain an objection and make a ruling at that time on this category of statements.

The final category of statements the Court considers are statements made by Lake to Government officials in his capacity as Defendant Stegman's power of attorney. The Court needs more information and is not prepared to make a final ruling on this category at this time. The Court will assess the power of attorney document that was executed between Defendant Stegman and Don Lake in order to determine the scope of the relationship and whether Lake's statements as Stegman's power of attorney may be admitted as statements of a party opponent, or whether they are barred by the Confrontation Clause. The Government shall submit the power of attorney document to the Court on Friday, March 4, 2016. This aspect of Defendant's motion remains under advisement.

**IV.    Defendants' Joint Motion *in Limine* to Exclude Evidence and/or References Regarding the Death of Donald Lake (Doc. 117)**

The motion is denied. The Government may introduce testimony concerning the death of Donald Lake.

**V.     Defendant Stegman's Motion for Reconsideration of the Order Denying Her Motion *in Limine* to Exclude Evidence Related to Money Orders (Doc. 119)**

The motion is denied. The Court's previous ruling on Defendant's motion stands.

**VI.    Defendants' Joint Motion *in Limine* to Exclude Evidence and/or Reference to Handwritten Ledgers of Midwest Medical Aesthetics Center (Doc. 120)**

Defendants ask the Court to exclude from evidence handwritten ledgers of Midwest Medical Aesthetics Center ("MMAC"), which were produced to the IRS pursuant to a Corporate Summons. Defendants argue that these ledgers are hearsay which may only be admitted through Fed. R. Evid. 803(6), the business records exception to the hearsay rule. Defendants contend the Government will be unable to authenticate the ledgers as business records, however, because Defendant Stegman was the custodian of records for MMAC and she cannot be compelled to testify in violation of her Fifth Amendment right against self-incrimination. Defendants also argue that the ledgers are not statements of a party opponent because they are declarations of MMAC, not Defendant Stegman. Defendants contend that under *Braswell v. United States*,[3] the Government cannot introduce into evidence the fact that Defendant Stegman produced the documents in response to the subpoena, and thus cannot attribute the documents to Stegman as an individual.

The Government argues that it wants to offer the ledgers as a tool of Defendant Stegman's fraud, to show that she falsified business expenses and "doctored" the ledgers. If offered for those purposes, the Government contends, the ledgers would not be offered for the

---

[3] 487 U.S. 99 (1988).

truth of the matter asserted. It also contends that to the extent the ledgers would be offered for the truth asserted, the ledgers are admissible non-hearsay as statements of a party opponent under Rule 801(d)(2)(A).

The Court heard arguments from the parties at the hearing, and is now prepared to rule on this issue. The Court finds that the handwritten ledgers are admissible on three grounds. First, if the Government seeks to offer them to show that they have been altered or for some purpose other than proving the truth of the matter asserted, the ledgers are not hearsay and are admissible. Second, the ledgers are admissible as business records without compelling Defendant Stegman to testify. In *Braswell*, the United States Supreme Court held, as Defendants note, that in a criminal case against the custodian of a corporation, the Government may not introduce "the fact that the subpoena was served upon and the corporation's documents were delivered by one particular individual, the custodian."[4] However,

> [t]he Government may offer testimony—for example, from the process server who delivered the subpoena and from the individual who received the records—establishing that the corporation produced the records subpoenaed. The jury may draw from the corporation's act of production the conclusion that the records in question are authentic corporate records, which the corporation possessed, and which it produced in response to the subpoena.[5]

Such testimony would lay a foundation for the jury to understand that these handwritten ledgers are authentic business records, without compelling Defendant Stegman to testify in violation of her Fifth Amendment right against self-incrimination. The Government's witnesses would not be permitted to name Defendant Stegman as the custodian of records or the person

---

[4] *Id.* at 118.

[5] *Id.*

who received the subpoena, so "any nexus between the defendant and the documents results solely from the corporation's act of production and other evidence in the case."[6]

The Court also finds that the handwritten ledgers are admissible at trial as statements of a party opponent under Rule 801(d)(2)(A). In *United States v. Williams*,[7] the Eleventh Circuit faced a similar question to the one presented here. The defendant in that case was convicted of income tax evasion, and the Government introduced at trial yellow sheets, or receipts, of bingo sessions run by the defendant's corporation.[8] It attempted to introduce the receipts as business records of another organization, but on appeal the Government and the court agreed that they were not properly admitted as business records under 803(6).[9] However, acknowledging that business records and party opponent statements often overlap in many cases, the Eleventh Circuit held that they were admissible as statements of a party opponent under Rule 801(d)(2)(A), in part because the receipts bore the initials of the defendant, in handwriting that another witness testified was the defendant's.[10]

The Court finds *Williams* persuasive here. These handwritten ledgers were kept in the course of MMAC's business, but they were, apparently, handwritten by Defendant Stegman. Even though they are corporate documents, they are also Defendant Stegman's statements, and are admissible as non-hearsay under Rule 801(d)(2)(A). Defendants' motion is denied.

**VII. Defendant Stegman's Motion *in Limine* to Exclude Evidence and/or References to the Ongoing Grand Jury Investigation being Conducted by the United States**

---

[6] *Id.*

[7] 837 F.2d 1009 (11th Cir. 1988).

[8] *Id.* at 1011.

[9] *Id.* at 1012.

[10] *Id.* at 1013–14.

**Attorney's Office with Respect to Potential Allegations Regarding Pharmaceutical Misbranding (Doc. 125)**

The motion is granted. The Government may not introduce testimony as to the separate grand jury investigation.

**VIII. Government's Motion *in Limine* to Exclude Testimony by Defense Expert Ron Braver, or in the alternative, Motion to Compel Bases and Opinions for Testimony (Doc. 128)**

The motion is granted in part and denied in part. Defendants may not introduce testimony from Mr. Braver concerning the credibility of IRS agents or any other witnesses offered by the Government. Defendants may elicit testimony from Mr. Braver concerning the loss carryback defense as it relates to Defendants' states of mind, but they may not introduce such testimony to negate a previous tax deficiency.[11] Further, Mr. Braver may testify as a fact witness and as to his mortgage banking and brokerage expertise.

**IX. Government's Motion *in Limine* to Preclude Reference, Argument, or Evidence Related to a Federal Employee's Volunteer Coaching Application (Doc. 132)**

The motion is denied. Defendants may inquire into whether the employee intentionally provided an incorrect Social Security number on a volunteer coaching application on cross examination. Defendants may not call this witness to inquire into this matter alone, but they may impeach him with this evidence if Defendants call him as a witness and his testimony about the case provides a reason to impeach him.

**IT IS SO ORDERED.**

: <u>March 3, 2016</u>

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[11] *See* Section I.f., *supra*.