# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KATHLEEN STEGMAN AND
CHRISTOPHER SMITH,

    Defendants.

Case No. 14-20109-JAR

## MEMORANDUM AND ORDER

Defendants have moved to dismiss Count 6 of the Superseding Indictment, which charges Defendants Stegman and Smith with a *Klein* conspiracy in violation of 18 U.S.C. § 371. Defendants made their motion orally on March 9, 2016 after the jury was sworn, and also provided the Court with a written motion (Doc. 161). After giving the Government an opportunity to respond, the Court heard oral argument on the motion on March 21, 2016. The Court is now prepared to rule.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."[1] "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[2]

Defendants argue that the conspiracy count against them should be dismissed because the Superseding Indictment fails to allege an end date to the conspiracy. The Superseding

---

[1] *United States v. Edwards*, 782 F.3d 554, 562 (10th Cir. 2015) (quoting *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011)).

[2] *Id.* (quoting *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000)).

1

Indictment alleges that the conspiracy began "in or about December 2010," and three of the ten overt acts listed in the Superseding Indictment contain dates within December 2010.  However, there is no end date, and the other seven overt acts are undated.  Defendants argue that the overt acts do not cure the deficiency in the Superseding Indictment because they are mostly undated. Defendants argue that their prosecution cannot be predicated on facts found by the grand jury without an end date in the Superseding Indictment.

The Government argues in opposition that the Superseding Indictment is sufficient even though it does not allege the end date of the conspiracy, because it adequately puts Defendants on notice of the charge against them and allows them to assert a double jeopardy defense.   Even though many of the listed overt acts in the Superseding Indictment are undated, the Defendants still have notice of those acts and the time period in which they took place.

Neither the Tenth Circuit nor any other circuit has specifically addressed the question before this Court.  At least two circuits have held that although an indictment cannot be open-ended in terms of the time period of a conspiracy, it is sufficient if it alleges an end date without alleging a start date.[3]  Indeed, in some circumstances, the end date of alleged conspiracy is critical to a determination of when the statute of limitations commences.  But here there is no issue that these charges were brought within the statute of limitations.

The Ninth Circuit has also held that overt acts may cure an indictment that alleges only vague start and end dates to a conspiracy.[4]  Consistently, the test for the sufficiency of an indictment rests on whether a defendant has notice of the charge such that he or she can prepare a defense, and whether a defendant can present a double jeopardy defense.

---

[3] *United States v. Forrester*, 616 F.3d 929, 940–41 (9th Cir. 2010); *United States v. Rawlins*, 606 F.3d 73, 79 (3d Cir. 2010).

[4] *Forrester, 616 F.3d* at 941; *United States v. Laykin*, 886 F.2d 1534, 1542 (9th Cir. 1989).

Here, although the Superseding Indictment does not state an end date to the conspiracy, there is no question that Defendants Stegman and Smith had notice of the approximate beginning and end of this conspiracy charge against them. Count Six of the Superseding Indictment expressly states that the conspiracy involves a series of specific transactions: a December 20, 2010 check from Midwest Medical, company owned by Defendant Stegman, to Encompass, a company owned by Defendant Smith; a December 23, 2010 check from Encompass to National Numismatic Associates for Defendant Stegman's December 16, 2010 purchase order of $50,575 in gold coins; and Midwest Medical's subsequent deduction of that amount as a business expense on Midwest Medical's 2010 corporate tax return. In addition to alleging these specific transactions by date, in December 2010, the Superseding Indictment also alleges certain undated overt acts, including that Defendant Stegman created false entries in her handwritten ledger that she provided to the accountant who prepared Midwest Medical's 2010 tax return, and that Defendant Smith lied to IRS agents when they interviewed him about the $50,575 check to Encompass from Midwest Medical. Although these overt act are undated, Defendant Smith had actual knowledge of when he was interviewed; and Defendant Stegman had actual knowledge of when Midwest Medical's 2010 tax return was filed. Other than statements that Defendant Smith made in the interview, and other than Defendant Stegman's participation in the preparation and filing of Midwest Medical's 2010 tax return, the overt acts relate to the series of transactions in December 2010. Aside from actual knowledge, through discovery, both defendants were on notice of the dates of Defendant Smith's interview and Midwest Medical's 2010 corporate tax return filing. In other words, the Superseding Indictment, including the overt acts, placed both defendants on notice of the approximate beginning and end of this charged conspiracy. The Court therefore finds that Count Six of the Superseding Indictment was sufficient to provide

3

Defendants notice of this conspiracy charge against them, including the approximate dates of the few post-December 2010 overt acts.

The Court also finds that the lack of an end date in Count Six of the Superseding Indictment does not prevent Defendants Stegman and Smith from asserting a double jeopardy defense at this point, and such a problem might arise only in a subsequent prosecution for conspiracy. If Defendants are charged with conspiracy again in the future, that court will need to address the question of double jeopardy if there is ambiguity as to possible overlap between the present Superseding Indictment and a subsequent indictment. However, there is no double jeopardy problem in *this* case stemming from the lack of an end date in Count Six of the Superseding Indictment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Count Six of the Superseding Indictment (Doc. 161) is denied.

**IT IS SO ORDERED.**

Dated: March 30, 2016

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE