IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**KATHLEEN STEGMAN AND CHRISTOPHER SMITH,**

    **Defendants.**

**Case No. 14-20109-02-JAR**

### MEMORANDUM AND ORDER

This case is before the Court on Defendant Christopher Smith's Motion to Expunge his arrest record (Doc. 198). Defendant Smith was arrested on November 3, 2014 and was charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[1] Co-Defendant Kathleen Stegman was charged in the same Superseding Indictment with conspiracy to defraud the United States in addition to five counts of tax evasion.[2] A jury trial was held beginning March 8, 2016. On April 12, 2016, the jury returned a not guilty verdict as to the sole count against Christopher Smith.[3] The Court entered a Judgment of Acquittal on April 22, 2016.[4] On April 21, 2016, Defendant Smith filed the present motion to expunge his arrest record in light of his acquittal. The Government has not responded to the motion; however, the Court addresses the merits of Defendant Smith's motion and, for the reasons explained in detail below, denies the motion.

---

[1] Doc. 1. *See also* Doc. 41.

[2] Doc. 41.

[3] Doc. 204.

[4] Doc. 202.

### I.   Legal Standard

The Tenth Circuit Court of Appeals has held that "courts possess the power to expunge an arrest record where the arrestee has been acquitted."[5] An acquittal alone, however, is not sufficient to warrant expunction of an arrest record.[6] Rather, expungement should be reserved for "unusual or extreme" cases.[7] For example, "where the court determined the sole purpose of the arrests was to harass civil rights workers; where the police misused the police records to the detriment of the defendant; or where the arrest was proper but was based on a statute later declared unconstitutional."[8] "In determining whether such circumstances exist, courts have considered the 'delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties.'"[9] Such duties include the need for law enforcement agencies to maintain records, including arrest records. This balancing test carries a "heavy presumption against expungement," and "[m]erely alleging potential future harm and arguing that expungement is 'in the interests of justice'" is insufficient overcome the presumption."[10]

### II.   Discussion

Defendant argues that his case is unusual for three reasons. First, he contends that the evidence at trial was so weak that granting a motion for judgment of acquittal under Fed. R.

---

[5] *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975).

[6] *Id.*

[7] *Id.*

[8] *United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977) (internal citations omitted).

[9] *Id.* at 539 (quoting *United States v. Rosen*, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)).

[10] *United States v. Aston*, 132 F.3d 43 (Table), No. 97-4039, 1997 WL 755136, at *1 (10th Cir. Dec. 4, 1997) (discussing *Linn*, 513 F.3d at 927–28).

Crim. P. 29 would have been justified even if the jury had voted to convict him. Second, Defendant argues that his case is unusual because he has no prior criminal record. Finally, Defendant claims that his business could be jeopardized because he relies on his reputation for honesty and an arrest for a fraud-related offense could hinder his ability to form industrial contracts.

The Court does not find that these circumstances are so unusual or extreme as to warrant expungement of Defendant's arrest record. Although the evidence against Defendant was clearly weak enough to merit acquittal of the charge against him, this is not sufficient to expunge his record. Neither is the Court convinced that Defendant's lack of a prior record is sufficient for expungement. And while there are, of course, circumstances in which an arrest record could harm professional prospects, Defendant offers no evidence of specific harms caused by his arrest record. Rather, he speculates that he could experience some future damage to his business, without offering any specific allegations regarding damage that has actually occurred. Defendant's speculations as to potential harm to his business do not suffice to warrant expungement of his arrest record. Defendant was lawfully arrested pursuant to an indictment by a grand jury and even though he was acquitted of the charge, there was probable cause to arrest him. Nothing like the examples of extreme or unusual circumstances listed in *Schnitzer* apply to Defendant Smith's case. Without actual evidence of occupational harm, and without a showing of truly unusual or extreme circumstances, the Court does not find expungement to be an appropriate action in this case.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Christopher Smith's Motion to Expunge his arrest record (Doc. 198) is denied.

---

[11] Because Defendant does not offer evidence in his motion of the occupational harm he claims he could suffer, the Court does not find that an evidentiary hearing is necessary to resolve this motion.

**IT IS SO ORDERED.**

Dated: August 22, 2016

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE